Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

YESH MUSIC, LLC,

                Plaintiff,

      v.

LUNAJETS S.A.,

                Defendant,

-----------------------------------------------------------------x

Index No.: 17-cv-4354

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant LUNAJETS S.A. based on its intentional infringement of plaintiff's copyrighted musical works: "*Anything You Synthesize*" U.S. Copyright Registration PAu 3-452-712 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

1. At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings which

originate from the band *The American Dollar*.  The sole members of plaintiff are Richard Cupolo and John Emanuele; the artists in *The American Dollar*.

  2. A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Anything You Synthesize*" and the assignment of same which were registered with the U.S. Copyright Office are annexed and incorporated hereto as **Exhibit 1.**

  3. Plaintiff is informed and believes, Defendant LUNAJETS S.A. is a foreign corporation with a primary headquarters located at 29 rue Lect, CH-1217 Meyrin, Geneva, Switzerland.

## JURISDICTION

  4. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).  This action is a civil action over which this court has original jurisdiction.

**Personal Jurisdiction - CPLR § 302(a)(1)**

  5. This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

  6. LUNAJETS regularly solicits business in this Judicial District.

  7. Defendant contracts with New York on a regular basis.

  8. LUNAJETS advertises itself as "You're Private Jet To New York".



9. LUNAJETS advertises to fly to the Frieze Air Fair in New York.

10. LUNAJETS advertises to fly to fashion week in New York.



11. LUNAJETS advertises to fly to many destininations in the United States



12. LUNAJETS advertises London to New York, no problem.



13. LUNAJETS advertises flights from New York to LosAngeles.



14.     Being that defendant transacts business within the state or contracts anywhere to supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

15.     CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

16.     LUNAJET synchronized, reproduced, and distributed the Subject Videos through YouTube.  This is a tort (copyright infringement) committed without the state.

17.     The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

18.     Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services

rendered, in the state.

19. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

20. YouTube placed plaintiff's name on each of the Subject Advertisements, and therefore expected or should have reasonably expected its acts to have consequences in New York State and defendant derives substantial revenue from interstate or international commerce.

21. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## VENUE

22. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

23. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

24. Plaintiff's copyrighted recordings were registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

25. Defendant LUNAJETS is a private jet broker with headquarters in Geneva, Switzerland, where it has been based since it was founded in 2007.

26. LUNAJETS is a privately owned company.

27. As an online broker, the company does not own any aircraft, but rather matches countless operators and private jet owners with end user private jet clients to provide on-demand and empty leg flight services.

28. Defendant LUNAJETS used YESH's copyrighted recording "*Anything You Synthesize*" in at least eleven separate advertisements, including defendant's corporate video.

29. The subject advertisements are as follows:

1. Title: "Bombardier Challenger 604 - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=S1e53KIiUck.

2. Title: "Luna Jets - Private jet Broker - Corporate video" found at https://www.youtube.com/watch?v=rkaIulfE-bw.

3. Title: "Dassault Falcon 2000LXS - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=MJL4JOVPK48.

4. Title: "Cessna Citation Mustang - Luna Jets, Private Jets at the Best Price" found at https://www.youtube.com/watch?v=FJxDYkIKcF0.

5. Title: "Cessna Citation Mustang - Luna Jets, Private Jets at the Best Price" found at https://www.youtube.com/watch?v=FJxDYkIKcF0.

6. Title: "Embraer Lineage 1000 - Luna Jets, Private Jets at the Best Price" found at https://www.youtube.com/watch?v=pq73KrNC0dU.

7. Title: "Embraer Phenom 300 - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=VG8KaCLvHfc.

8. Title: "Embraer Phenom 100 - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=8wEChOTXzQo.

9. Title: "Cessna Citation XLS - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=kn7xO9RJr8U.

10. Title: "Cessna Citation CJ2 - Luna Jets, Private Jets at the Best Price" found at https://www.youtube.com/watch?v=_56dUL4Ogng.

11. Title: "Dassault Falcon 7X - Luna Jets - Private jets at the best price" found at https://www.youtube.com/watch?v=1e6L6zy_k9w.

30. Plaintiff's copyrighted recordings runs the length of each of the above advertisements.

31. Defendant had no license or permission for any use of the copyrighted recording.

32. Plaintiff discovered the infringement in July 2016, and immediately notified defendant.

33. Defendant was put on notice that there was no license one year before the date of this complaint. See **Exhibit 2**.

34. Defendant elected to ignore the notice and continue to infringe.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

35. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

36. Defendant has, without a synchronization, or any other, license synchronized plaintiff's copyrighted recordings "*Anything You Synthesize*", to at least eleven separate advertisements.

37. Defendant, without license or authority, reproduced and distributed the Subject Advertisements.

38. It cannot be disputed plaintiff has a valid, registered copyright, for each recording, and that defendant has synchronized, reproduced, and distributed plaintiff's copyrighted recordings without a license, thus infringing plaintiff's rights under the Copyright Act.

39. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

40. Even after defendant was put on notice of the infringement by email one year before the date before this action was filed; it elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's copyrighted recordings.

41. The synchronization, reproduction, and/or distribution, of the copyrighted recordings was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

42. Defendant was put on direct notice of its infringing activity, but took no action.

43. Defendant's knowledge may be inferred from their conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

44. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees, and the forced association with plaintiff despite the fact that plaintiff has licensing deals with other shoe companies.

45. Plaintiff may recover its actual damages, and defendant's profit to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

46. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. § 1201, et seq.

47. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

48. Section 1202 provides in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b).

49. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the

terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note 18.

50. A defendant violates the DMCA each time it wrongfully distributed a copyrighted work.

51. Defendant also misstated the terms and conditions of using each copyrighted work.

52. Defendant violated section 1202, upon information and belief, by abstracting the recording from YouTube thereby removing and/or altering the anti-circumvention software.

53. Defendant did the forgoing with the intent to conceal the infringements.

54. Each time defendant uploaded an advertisement it committed a violation of section 1202.

55. A "[c]omplaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1) restitution of defendant's unlawful proceeds, including defendant's gross profits;

2) compensatory damages to plaintiff in an amount to be ascertained at trial;

3) one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4) an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5) plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6)       pre- and post-judgment interest to the extent allowable; and,

7)       such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 23, 2017

**GARBARINI FITZGERALD P.C.**

By: *[signature]*
Richard M. Garbarini (RG 5496)
250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9479